## AARON JOHNSON V. THE STATE.

### No. 5244.   Decided February 12, 1919.

1.—Receiving and Concealing Stolen Property—Sufficiency of the Evidence.

Where, upon trial of receiving and concealing stolen property, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

2.—Same—Recent Possession—Charge of Court—Explanation.

Where the court's charge, with reference to the explanation given by defendant of his possession of the property recently stolen, followed approved precedent, there was no reversible error.

3.—Same—Argument of Counsel—Harmless Error.

Where the argument of State's counsel was a legitimate comment on the facts, or in response to the argument of defendant's counsel, there was no error, and if any, it was harmless.

Appeal from the District Court of Upshur.   Tried below before the Hon. J. R. Warren.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. S. Barnwell, Stephens & Sanders,* and *Crosby & Harrell,* for appellant.—On explanation: Wheeler v. State, 34 Texas Crim. Rep., 350; Childs v. State, 193 S. W. Rep., 664.

On question of argument of counsel: Pierson v. State, 18 Texas Crim. App., 524; Parks v. State, 35 Texas Crim. Rep., 378; Wright v. State, 36 id., 427; Franklin v. State, 38 id., 346.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of explanation of possession: Wheeler v. State, 38 Texas Crim. Rep., 71; Roberts v. State, 129 S. W. Rep., 611.

On question of argument of counsel: House v. State, 19 Texas Crim. App., 227; Sinclair v. State, 35 Texas Crim. Rep., 130; McHenery v. State, 173 S. W. Rep., 1020.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for receiving and concealing property alleged to have been stolen from a mercantile corporation.

That appellant received the goods was not an issuable fact.   His contention was that he received them under such circumstances that he was not guilty of fraudulently so receiving.   The evidence for the State was sufficient to justify the jury in finding that he received them under such circumstances that he knew that the goods were stolen.   It is deemed unnecessary to go into a statement of the facts.

With reference to the account given by appellant of his possession, the court gave a charge in the language quoted in Mr. Branch's Ann.

P. C., at page 1334, in section 2465. The court's charge is a literal copy of that quoted in Mr. Branch's Penal Code. This charge has been held to be sufficient; therefore, the criticism of appellant of this charge is not well taken. The court also gave a charge requested by appellant in regard to the account given of his possession.

Bills of exception were reserved to the remarks made by State's counsel. Some of these we think were legitimate comments and not subject to criticism. The remarks of counsel in one or two bills of exception were hardly justified, but the court explains that they were made in answer to the argument of defendant's counsel. These bills were accepted with these qualifications, and as they are thus presented we think the appellant is without sufficient cause for complaint to require a reversal of the judgment. The remarks, however, whether qualified or not, are hardly of sufficient importance to require a reversal of the judgment. It is unnecessary, we think, to repeat the statements or discuss them further.

As this record is presented we are of opinion there is no reversible error shown, and the judgment will be affirmed.

*Affirmed.*